**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                       **NO:  04-39**

**JEFFREY POLLITT**                              **SECTION: "S"**

**ORDER AND REASONS**

This court issued a writ of garnishment to garnishee, Arvest Bank, which has property in its custody, control, or possession in which the defendant, Jeffrey Pollitt, has an interest. Rec. Doc. 114. The garnishment is to satisfy a restitution judgment in the amount of $484,854.57, of which a balance of $366,194.83 allegedly remains due and owing, in connection with Pollitt's 2008 convictions for extortion and tax evasion. Rec. Doc. 83.

Pollitt, proceeding pro se, has requested a hearing on the writ of garnishment issued to Arvest Bank, claiming exemptions for wearing apparel and school books; fuel, provisions, furniture, and personal effects; and books and tools of a trade, business or profession. Pollitt has also submitted a letter to the court captioned "Presentation of Objections to Amount Owed", in which he claims that the amount that the government claims he owes is inaccurate, because it does not reflect the payoff of a debt to the Internal Revenue Service and credits for payments toward the restitution judgment made by his co-defendant.

With respect to Pollitt's claimed exemptions, the United States has not applied to garnish any of the claimed exempted items, and plaintiff's request has no applicability to the garnishment

of a bank account. Accordingly, the claimed exemptions provide no basis for a further hearing or arresting the garnishment procedure.

With respect to his contention regarding the accuracy of the amount claimed owing by the government, the government has filed into the record a statement reflecting that Pollitt's co-defendant's payments have been credited. Rec. Doc. 129-1. With respect to the settlement with the IRS, the government has reached out to the IRS to determine if additional credits should be applied. To date, the IRS has not responded, but even if it is determined that defendant is entitled to a restitution credit for payments made to the IRS, his restitution obligation would not be satisfied because he will still owe restitution to the victim Orleans Parish School Board. That obligation was originally $315,000, and of that amount, $196,269.80 remains due and owing, an amount far in excess of the $20,127.51 in the possession of the garnishee.

Accordingly, having considered Pollitt's requests and the applicable law, the court **DENIES** Pollitt's request for a further hearing, and finds that defendant's Claims for Exemptions do not raise any exemption that preclude the government from collecting any funds held by the garnishee.

New Orleans, Louisiana, this   24th   day of July, 2026.


**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**